UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL BROOKS,<br><br>    Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL,<br><br>    Respondent. | Case No. 22-cv-06334-JST<br><br>**ORDER VACATING ORDER TO SHOW CAUSE; REQUIRING BRIEFING FROM RESPONDENT**<br><br>Re: ECF No. 14 |

Petitioner, an inmate at Ironwood State Prison,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2020 Alameda County state court conviction for attempted murder and sentence of twenty-five years to life. *See generally* ECF No. 1. For the reasons set forth below, the Court VACATES its March 14, 2023 Order to Show Cause (ECF No. 14), and ORDERS Respondent to brief whether, in light of *Duke v. Gastelo*, No. 20-55787 (9th Cir. Apr. 5, 2023), this case should be stayed, dismissed, or proceed to the merits.

## BACKGROUND[2]

On or about January 17, 2020, Petitioner was sentenced to a term of twenty-five years to life in state prison, after being convicted by an Alameda County jury of attempted murder. ECF No. 5 at 1.

On November 24, 2021, the California Court of Appeal denied his direct appeal and

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Neil McDowell as respondent because he is Petitioner's current custodian.
[2] The following background information comes from the petition and from the California Court Case Information System, which can be accessed at https://appellatecases.courtinfo.ca.gov/index.cfm.

1  affirmed the judgment. *People v. Brooks*, C No. A159421, 2021 WL 5504161 (Cal. Ct. App. Nov.
2  24, 2021). On February 23, 2022, the California Supreme Court granted the petition for review
3  and transferred the matter to the California Court of Appeal, First Appellate District, Division
4  One, with directions to vacate its decision denying the appeal and to reconsider the cause in light
5  of California Assembly Bill No. 518. On March 23, 2022, the state appellate court remanded the
6  matter to the trial court for resentencing to exercise its new sentencing discretion under Cal. Penal
7  Code § 654, but otherwise affirmed the judgment. *People v. Brooks*, C No. A159421, 2022 WL
8  855055 (Cal. Ct. App. Mar. 23, 2022). On March 28, 2022, Petitioner filed a petition for review
9  in the California Supreme Court, which was denied as premature. *People v. Brooks*, C No.
10 S273804 (Cal. Sup. Ct.). Resentencing took place in the trial court on August 3, 2022, and
11 Petitioner appealed from the trial court order on September 19, 2022, in *People v. Brooks*, C No.
12 A166129.
13    While his appeal was pending, Petitioner filed a letter with this Court on or about October
14 19, 2022, which the Court construed as an attempt to file a federal habeas petition. ECF Nos. 1, 2.
15 On October 31, 2022, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.
16 § 2254. ECF No. 5.
17    On March 14, 2023, the Court ordered Petitioner to show cause why his petition should not
18 be dismissed as premature pursuant to the *Younger* abstention principle because state court
19 proceedings arising out of the resentencing are ongoing. ECF No. 14.
20    On April 5, 2023, the Ninth Circuit issued *Duke v. Gastelo*, No. 20-55787 (9th Cir. Apr. 5,
21 2023), holding that *Younger* abstention does not mandate dismissing a federal habeas petition due
22 to pending state resentencing proceedings. *Duke*, slip op. at 13-16.
23    As of April 12, 2023, Petitioner's appeal of his resentencing, C No. A166129, remains
24 pending, with his opening brief recently filed on March 20, 2023. *See People v. Brooks*, C No.
25 A166129.

26                                  **DISCUSSION**
27 **A.    Vacating March 14, 2023 Order to Show Cause**
28    In *Duke*, the Ninth Circuit held that a federal habeas petition's ongoing Cal. Penal Code §

1172.6 proceeding not mandate *Younger* abstention:

> Although there is an ongoing state proceeding—the resentencing under § 1172.6 based on a change in state law—the federal petition in this case does not seek an injunction to prevent state officers from moving forward with the § 1172.6 proceeding. That proceeding is in substance a new based on a new statute, and Duke seeks no relief that would interfere with it.

*Duke*, slip op. at 13. In light of *Duke*, the Court VACATES the March 14, 2023 Order to Show Cause ordering Petitioner to show cause why his petition should not be dismissed as premature pursuant to the *Younger* abstention principle because state court proceedings arising out of the resentencing are ongoing. ECF No. 14.

**B.     Order to Show Cause**

    **1.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases provides that if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition. . ." *Id.* (emphasis added).

    **2.     Petition**

The petition alleges the following grounds for federal habeas relief: (1) Petitioner was denied effective assistance by both his trial and appellate attorneys "under the Sixth Amendment per the 'Senate Bill No. 775 relief' that was mandated by the Calif. Supreme Court in Feb. 2022;" (2) Petitioner was deprived of "due process per the preemption doctrine," as set forth in the Supremacy Clause, in that the state appellate court failed to vacate Petitioner's conviction as directed by the state supreme court and as required by Senate Bill No. 775, and "legislative authority trumps all here;" (3) Petitioner's rights under the Equal Protection Clause and the Eighth

1  Amendment have been violated because the California Supreme Court vacated his conviction in
2  February 2022, yet the state attorney general, state appellate court and the public defenders have
3  failed to release him from custody; and (4) trial counsel was ineffective because he failed to
4  review all the discovery, was unaware of exculpatory text messages, and did not hire a private
5  investigator to interview two key witnesses who would have proved Petitioner's innocence.  *See*
6  *generally* ECF No. 5.  Petitioner requests that this Court set aside or stay his conviction.
7  Petitioner also requests that the Court grant bail pending appeal under 18 U.S.C. § 3143(b)(1)(iv)
8  or 18 U.S.C. § 3145(c).  ECF No. 5 at 15.

**3.     Requiring Response from Respondent**

Liberally construed, the petition's fourth claim states a cognizable claim for federal habeas relief, *see Strickland v. Washington*, 466 U.S. 668, 686 (1984) (claim of ineffective assistance of counsel is cognizable as claim of denial of Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel), and merits an answer from Respondent, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).  Petitioner's first three claims challenge the failure to vacate the conviction pursuant to the California Supreme Court's transfer of the case back to the state appellate court.  The state court proceedings related to the transfer are ongoing.[3] Accordingly, prior to screening the first three claims and ordering Respondent to answer the fourth claim, the Court ORDERS Respondent to brief whether, in light of *Duke v. Gastelo*, No. 20-55787 (9th Cir. Apr. 5, 2023), this case should be stayed, dismissed, or proceed to the merits. Respondent shall file his brief within sixty (60) days of the date of this order.  If Petitioner so wishes, he may file a response to Respondent's brief within forty-five (45) days of the date the

---

[3] This action appears to be procedurally distinct from *Duke*.  In *Duke*, the proceedings related to Duke's conviction were temporally separate from the resentencing proceedings.  Duke filed his Cal. Penal Code § 1172.6 resentencing petition approximately six months after his conviction became final.  *Duke*, slip op. at 6-7.  Duke's federal habeas petition sought relief based on errors that happened at his criminal trial and did not reference his resentencing petition.  *Id.* at 7-8.  Here, because the resentencing happened pursuant to the California Supreme Court's grant of Petitioner's petition for review, it is unclear if Petitioner's conviction is yet final and if the resentencing is a separate proceeding from the direct review of Petitioner's conviction and sentence.  In addition, the habeas petition in this action alleges errors both at Petitioner's criminal trial and in relation to the resentencing proceedings.

brief is filed.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court VACATES its March 14, 2023 Order to Show Cause. ECF No. 14.

2. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

3. Within sixty (60) days of the date of this order, Respondent shall brief whether, in light of *Duke v. Gastelo*, No. 20-55787 (9th Cir. Apr. 5, 2023), this case should be stayed, dismissed, or proceed to the merits. If Petitioner so wishes, he may file a response to Respondent's brief within forty-five (45) days of the date the brief is filed.

4. In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Neil McDowell as respondent because he is Petitioner's current custodian.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: May 25, 2023



JON S. TIGAR
United States District Judge