UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL BROOKS,<br>          Plaintiff,<br>v.<br>NEIL MCDOWELL,<br>          Defendant. | Case No. 22-cv-06334-JST<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, an inmate at Ironwood State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Alameda County state court conviction and sentence. *See generally* ECF No. 1. For the reasons set forth below, the Court dismisses certain claims for failure to state cognizable claims for federal habeas relief and orders Respondent to show cause why relief should not be granted on the remaining claim.

**DISCUSSION**

**A.     Procedural Background**

Petitioner commenced this action on or about October 19, 2022, when he filed a letter with this Court. ECF No. 1. On October 31, 2022, Petitioner filed the operative petition. ECF No. 5. On March 14, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed as premature pursuant to the *Younger* abstention principle because Petitioner had an appeal pending in the state appellate court at that time. ECF No. 14 at 3-4. On May 25, 2023, the Court vacated the March 14, 2023 Order to Show Cause, and ordered Respondent to brief whether, in light of *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir. Apr. 5, 2023), this action should be stayed, dismissed, or proceed to the merits. ECF No. 15.

Since the Court issued the May 25, 2023 Order, Petitioner's state court resentencing

1  proceedings appear to have concluded.  On October 30, 2023, the state appellate court affirmed the

2  judgment and conviction.  *People v. Brooks*, C No. A166129, 2023 WL 7124172, at *1 (Cal. Ct.

3  App. Oct. 30, 2023).  Petitioner does not appear to have sought review of the state appellate

4  court's decision in the California Supreme Court.  Accordingly, Petitioner's conviction and

5  judgment became final as of December 9, 2023.  *See Gonzalez v. Thaler*, 565 U.S. 134, 148–49

6  (2012) ("when a petitioner does not appeal to the State's highest court, the judgment became final

7  when his time for seeking review with the State's highest court expired."); Cal. R. Ct. 8.366(b)(1)

8  (appellate court decision in criminal cases typically becomes "final" 30 days after filing); Cal. R.

9  Ct. 8.500(e)(1) (petition for review must be filed in California Supreme Court ten days after state

10 appellate court decision final).

**B.     Order to Show Cause**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

The petition alleges the following claims for federal habeas relief:  (1) Petitioner was denied effective assistance by both his trial and appellate attorneys "under the Sixth Amendment per the 'Senate Bill No. 775 relief' that was mandated by the Calif. Supreme Court in Feb. 2022"; (2) Petitioner was deprived of "due process per the preemption doctrine," as set forth in the Supremacy Clause, in that the state appellate court failed to vacate Petitioner's conviction as directed by the state supreme court and as required by Senate Bill No. 775, and "legislative authority trumps all here"; (3) Petitioner's rights under the Equal Protection Clause and the Eighth Amendment have been violated because the California Supreme Court vacated his conviction in February 2022, yet the state attorney general, state appellate court and the public defenders have failed to release him from custody; (4) trial counsel was ineffective because he failed to review all the discovery, was unaware of exculpatory text messages, and did not hire a private investigator to

interview two key witnesses who would have proven Petitioner's innocence; and (5) admission of expert testimony from a detective regarding rap lyrics in a letter written by Petitioner violated California's Racial Justice Act. *See generally* ECF No. 5.

Liberally construed, the petition's fourth claim states a cognizable claim for federal habeas relief, *see Strickland v. Washington*, 466 U.S. 668, 686 (1984) (claim of ineffective assistance of counsel is cognizable as claim of denial of Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel), and merits an answer from Respondent, *see Zichko v. Idaho,* 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

The Court dismisses Claim Nos. 1-3 and 5 with prejudice for failure to state cognizable claims for federal habeas relief.

Claim No. 1 is DISMISSED with prejudice for failure to state a federal habeas claim. To the extent that Petitioner is arguing that trial counsel and appellate counsel were ineffective in failing to seek Cal. Senate Bill No. 775[1] relief for him, this claim fails because Cal. Senate Bill 775 became effective after trial counsel and appellate counsel concluded their representation of Petitioner. The state appellate court affirmed the conviction on November 24, 2021, and Cal. Senate Bill 775 became effective on January 1, 2022. Accordingly, neither trial counsel nor appellate counsel could have sought relief pursuant to Cal. Senate Bill 775.[2] To the extent that Petitioner is arguing that counsel representing him during his re-sentencing proceedings were ineffective, this claim is not cognizable in federal habeas because there is no Sixth Amendment right to counsel during re-sentencing proceedings. *See Davila v. Davis*, 582 U.S. 521, 524 (2017) ("prisoner does not have a constitutional right to counsel in state postconviction proceedings"); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed

---

[1] California Senate Bill No. 775 amended the formerly titled California Penal Code section 1170.95 to provide a process by which an individual previously convicted of attempted murder under the natural and probable consequences doctrine can petition for resentencing. Cal. Penal Code § 1172.6.
[2] If appellate counsel represented Petitioner in his petition for review to the California Supreme Court, it appears that appellate counsel did seek Cal. Senate Bill No. 775 relief for Petitioner because such relief was granted.

3

1   counsel extends to the first appeal of right, and no further."); *see also Hunt v. Cicnero*, No. 2:22-
2   cv-02472-JAK-KES, 2022 WL 17224722, *7 (C.D. Cal. Jul. 20, 2022) ("Resentencing
3   proceedings under California Penal Code section 1170.95 are the type of postconviction
4   proceedings in which there is no federal constitutional right to counsel."). Claim No. 1 is
5   therefore DISMISSED for failure to state a federal habeas claim.

6       Claim No. 2 is also DISMISSED with prejudice for failure to state a claim under federal
7   law or the federal constitution. Petitioner argues that he was deprived of "due process per the
8   preemption doctrine," as set forth in the Supremacy Clause, in that the state appellate court failed to
9   vacate Petitioner's conviction as directed by the state supreme court and as required by Senate Bill
10  No. 775, and because "legislative authority trumps all here." ECF No. 5 at 7. The preemption
11  doctrine does not apply here. Generally speaking, the preemption doctrine refers to federal law
12  "preempting" state law when there is a conflict between the two, as required by the Supremacy
13  Clause of the federal Constitution. U.S. Const. art. VI., § 2. The Supremacy Clause in the
14  California Constitution also recognizes "the United States Constitution as the supreme law of the
15  land." Cal. Const. art. III, § 1. The allegation that the state appellate court did not comply with
16  Cal. Senate Bill No. 775 states an error in state law, which is not cognizable on federal habeas. *See*
17  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (mere errors in application of state law are not
18  cognizable on habeas corpus); *Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) (violations
19  of state sentencing law are not cognizable on federal habeas review).

20      Claim No. 3 is DISMISSED with prejudice because it misstates the record. Petitioner
21  argues that the California Supreme Court vacated his conviction in February 2022, and that the
22  state attorney general, state appellate court and the public defenders have failed to release him from
23  custody pursuant to the California Supreme Court's directive, in violation of the Equal Protection
24  Clause and the Eighth Amendment. This claim fails because the California Supreme Court did not
25  vacate his conviction in February 2022. On February 23, 2022, the California Supreme Court
26  granted the petition for review and transferred the state court proceedings back to the state appellate
27  court with directions to vacate its decision and reconsider the cause in light of Cal. Assembly Bill
28  No. 518, which amended Cal. Penal Code § 6541 to afford trial courts discretion to impose a lesser

sentence. *See People v. Brooks*, No. A159421, 2022 WL 855055, at *1 (Cal. Ct. App. Mar. 23, 2022), *review denied* (June 1, 2022). The California Supreme Court's grant of the petition for review directed that the appellate court decision be vacated and did not direct that the conviction be vacated. Cal. Assembly Bill No. 518 allows a trial court discretion to impose a lesser sentence, but does not require that the conviction be vacated. *See id.* at *7-*8.

Claim No. 5 is DISMISSED with prejudice because it only states a claim of state law error – violation of the California Racial Justice Act. *See Estelle*, 502 U.S. at 67–68 (1991) (state law error not cognizable on habeas corpus); *see Harris v. Cisneros*, 2022 WL 1082015, at *4 (N.D. Cal. Apr. 11, 2022) ("Petitioner is not entitled to federal habeas relief on his challenge to the state courts' denial of his petition for relief under CRJA.")*; Wynn v. Foulk*, 2021 WL 6135325, at *4 (N.D. Cal. Dec. 29, 2021) (holding that petitioner is not entitled to relief under the CRJA because this court only has the "authority to review violations of federal law, not claims arising under state statutory law.").

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court dismisses with prejudice Claims No. 1-3 and 5 for failure to state cognizable claims for federal habeas relief.

2. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

5

1  If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2255 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated:  February 9, 2024



_____
JON S. TIGAR
United States District Judge