UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCEL BROOKS,

    Petitioner,

v.

CHRISTOPHER PIERCE,

    Respondent.

Case No. 22-cv-06334-JST

**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Marcel Brooks, an inmate at Ironwood State Prison, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court. ECF Nos. 1, 5. For the reasons set forth below, the Court DISMISSES the petition for failure to exhaust state court remedies, and DENIES a certificate of appealability.

**DISCUSSION**

The petition states the following cognizable claim for federal habeas relief: trial counsel was ineffective because he failed to review all the discovery, was unaware of exculpatory text messages, and did not hire a private investigator to interview two key witnesses who would have proven Petitioner's innocence. ECF Nos. 5, 14.

On February 10, 2025, the Court granted Respondent's motion to dismiss, finding that Petitioner had not exhausted state court remedies for his ineffective assistance of counsel claim. ECF No. 21. The Court ordered Petitioner to elect whether he wished to (1) voluntarily dismiss this petition and return to state court to exhaust his claim before filing a new federal petition presenting only fully-exhausted claims ; or (2) stay and abey this petition while he returns to state court to exhaust his claims. *Id.* The Court instructed Petitioner to notify the Court of his election by March 10, 2025, and cautioned him that the failure to respond by the deadline provided could

result in this action being dismissed for failure to exhaust, or failure to prosecute or obey a court order pursuant to Fed. R. Civ. P. 41(a)(2). *Id.* The deadline has passed, and Petitioner has not informed the Court how he wishes to proceed, or communicated with the Court at all. The sole claim in this federal habeas petition is unexhausted. ECF No. 21. The Court is therefore barred from considering this claim, and must dismiss this petition. *See* 28 U.S.C. § 2254(b)(1)(A)–(B) (district court may not grant habeas writ unless state court remedies are exhausted); *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (federal district court must dismiss federal habeas petition containing any claim as to which state remedies are unexhausted). Pursuant to 28 U.S.C. § 2254(b)(1) and Fed. R. Civ. P. 41(b), the Court DISMISSES this petition for failure to exhaust state court remedies.

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES the petition for a writ of habeas corpus, and DENIES a certificate of appealability. Judgment is entered in favor of Respondent and against Petitioner. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: March 31, 2025

_____
JON S. TIGAR
United States District Judge

2